## <u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between **MIGUEL DE AQUINO, HENRY EMILIO AMADOR, FELIX PEDRO AGUILERA ESTRADA, RODRIGO FLORES, MIGUEL LUNA, JOSE ALFREDO MARTINEZ, MAYOLO RODRIGUEZ, MARIO SALCEDO, DAVID SOSA,** and **GUSTAVO ZAVALA** (collectively, "Plaintiffs") and **CROSSCITY CONSTRUCTION CORP., JFH CONSTRUCTION CORP., CROSSCITY HOTEL LLC, MAYFLOWERS INTERNATIONAL HOTEL MANAGEMENT LLC, US HONGZHUANG HOTEL MANAGEMENT INC., HONGZHUANG LLC, MAYFLOWER 22ND CENTURY CHILD DAY CARE INC., MAYFLOWER 22ND CENTURY REAL ESTATE INC, MAYFLOWER HOTEL GROUP INC, MAYFLOWER HOTEL MANAGEMENT CORPORATION, MAYFLOWER INN CORPORATION, MAYFLOWER INN EXPRESS CORPORATION, MAYFLOWER INTERNATIONAL HOTEL GROUP INC, MAYFLOWER INTERNATIONAL HOTEL RESERVATION CENTER INC, XIAOZHUANG GE,** and **WEIHONG HU** (collectively, "Defendants"):

**WHEREAS**, Plaintiffs Miguel De Aquino and Henry Emilio Amador, on behalf of themselves and others similarly situated, filed an Amended Complaint with the United States District Court for the Eastern District of New York, captioned *Miguel De Aquino and Henry Emilio Amador, on behalf of themselves and all others similarly situated v. Crosscity Construction Corp., JFH Construction Corp., Crosscity Hotel LLC, Mayflowers International Hotel Management LLC, US Hongzhuang Hotel Management Inc., Hongzhuang LLC, Mayflower 22nd Century Child Day Care Inc, Mayflower 22nd Century Real Estate Inc, Mayflower Hotel Group Inc, Mayflower Hotel Management Corporation, Mayflower Inn Corporation, Mayflower Inn Express Corporation, Mayflower International Hotel Group Inc, Mayflower International Hotel Reservation Center Inc, Xiaozhuang Ge, and Weihong Hu*, 16 Civ. 2337 (E.D.N.Y.) on December 12, 2016 (the "Lawsuit");

**WHEREAS**, the Lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as well as violations under the New York Labor Law ("NYLL");

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties"), without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit as to themselves only and with respect to claims which Plaintiffs asserted, including wage-related claims arising under federal or state statutory or common law, including claims of retaliation;

**WHEREAS**, the Parties agree that the dismissal of Plaintiffs' individual, class, and collective action claims shall have no effect on the rights of other prospective plaintiffs or individuals they sought to represent in this lawsuit;

**NOW, THEREFORE**, in consideration of the mutual promises set out below, the Parties agree as follows:

1.    **<u>Payments.</u>**  Defendants agree to pay Plaintiffs the total sum of Seventy-Five Thousand Dollars ($75,000.00) (the "Settlement Amount"), inclusive of Plaintiffs' attorneys' fees

and costs.  Prior to May 15, 2018, the Parties shall deliver to each other a signed counterpart of this Agreement.

Defendants shall deliver to Plaintiffs' counsel – Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, New York 10005 – all settlement payments as follows:

(a) **On or before 30 days from the Effective Date as defined below**, Defendants shall deliver to Plaintiffs' counsel eleven (11) checks in the total amount of Twenty-Five Thousand Dollars and 00/100 Cents ($25,000.00), as set forth below:

i. **One (1)** check payable to "Miguel De Aquino" in the amount of Two Thousand Six Hundred Twenty-One Dollars and 19/100 Cents ($2,621.19), for which Plaintiff will receive a Form 1099 from Defendants;

ii. **One (1)** check payable to "Henry Emilio Amador" in the amount of Two Thousand Four Hundred Forty-Eight Dollars and 88/100 Cents ($2,448.88), for which Plaintiff will receive a Form 1099 from Defendants;

iii. **One (1)** check payable to "Miguel Luna" in the amount of Eight Hundred Thirty-One Dollars and 44/100 Cents ($831.44), for which Plaintiff will receive a Form 1099 from Defendants;

iv. **One (1)** check payable to "Mayolo Rodriguez" in the amount of Four Hundred Eighty-Nine Dollars and 07/100 Cents ($489.07), for which Plaintiff will receive a Form 1099 from Defendants;

v. **One (1)** check payable to "David Sosa" in the amount of One Thousand Seven Hundred Nine Dollars and 85/100 Cents ($1,709.85), for which Plaintiff will receive a Form 1099 from Defendants;

vi. **One (1)** check payable to "Rodrigo Flores" in the amount of Nine Hundred Seventy-One Dollars and 54/100 Cents ($971.54), for which Plaintiff will receive a Form 1099 from Defendants;

vii. **One (1)** check payable to "Jose Alfredo Martinez" in the amount of Two Thousand Two Hundred Ninety-Seven Dollars and 56/100 Cents ($2,297.56), which represents liquidated damages under the FLSA and NYLL, for which Plaintiff will receive a Form 1099 from Defendants;

viii. **One (1)** check payable to "Gustavo Zavala" in the amount of Five Hundred Ninety-Nine Dollars and 22/100 Cents ($599.22), for which Plaintiff will receive a Form 1099 from Defendants;

ix. **One (1)** check payable to "Felix Pedro Aguilera" in the amount of Four Hundred Fifty-Eight Dollars and 23/100 Cents ($458.23), for which Plaintiff will receive a Form 1099 from Defendants;

       x.     **One (1)** check payable to "Mario Salcedo" in the amount of Two Thousand Six Hundred Twenty-Four Dollars and 41/100 Cents ($2,624.41), for which Plaintiff will receive a Form 1099 from Defendants; and

       xi.     **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Nine Thousand Nine Hundred Forty-Eight Dollars and 59/100 Cents ($9,948.59), in connection with Plaintiffs' attorneys' fees, costs, and expenses and will be reported to Plaintiffs' attorneys on a Form 1099.

      (b)     **On or before 60 days from the Effective Date as defined below**, Defendants shall deliver to Plaintiffs' counsel eleven (11) checks in the total amount of Twenty-Five Thousand Dollars and 00/100 Cents ($25,000.00), as set forth below:

       i.     **One (1)** check payable to "Miguel De Aquino" in the amount of Two Thousand Six Hundred Twenty-One Dollars and 21/100 Cents ($2,621.21), for which Plaintiff will receive a Form 1099 from Defendants;

       ii.     **One (1)** check payable to "Henry Emilio Amador" in the amount of Two Thousand Four Hundred Forty-Eight Dollars and 89/100 Cents ($2,448.89), for which Plaintiff will receive a Form 1099 from Defendants;

       iii.     **One (1)** check payable to "Miguel Luna" in the amount of Eight Hundred Thirty-One Dollars and 44/100 Cents ($831.44), for which Plaintiff will receive a Form 1099 from Defendants;

       iv.     **One (1)** check payable to "Mayolo Rodriguez" in the amount of Four Hundred Eighty-Nine Dollars and 07/100 Cents ($489.07), for which Plaintiff will receive a Form 1099 from Defendants;

       v.     **One (1)** check payable to "David Sosa" in the amount of One Thousand Seven Hundred Nine Dollars and 85/100 Cents ($1,709.85), for which Plaintiff will receive a Form 1099 from Defendants;

       vi.     **One (1)** check payable to "Rodrigo Flores" in the amount of Nine Hundred Seventy-One Dollars and 54/100 Cents ($971.54), for which Plaintiff will receive a Form 1099 from Defendants;

       vii.     **One (1)** check payable to "Jose Alfredo Martinez" in the amount of Two Thousand Two Hundred Ninety-Seven Dollars and 56/100 Cents ($2,297.56), for which Plaintiff will receive a Form 1099 from Defendants;

       viii.     **One (1)** check payable to "Gustavo Zavala" in the amount of Five Hundred Ninety-Nine Dollars and 22/100 Cents ($599.22), for which Plaintiff will receive a Form 1099 from Defendants;

           ix.      **One (1)** check payable to "Felix Pedro Aguilera" in the amount of Four Hundred Fifty-Eight Dollars and 23/100 Cents ($458.23), for which Plaintiff will receive a Form 1099 from Defendants;

           x.      **One (1)** check payable to "Mario Salcedo" in the amount of Two Thousand Six Hundred Twenty-Four Dollars and 41/100 Cents ($2,624.41), for which Plaintiff will receive a Form 1099 from Defendants; and

           xi.      **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Nine Thousand Nine Hundred Forty-Eight Dollars and 59/100 Cents ($9,948.59), in connection with Plaintiffs' attorneys' fees, costs, and expenses and will be reported to Plaintiffs' attorneys on a Form 1099.

         **(c)**      **On or before 90 days from the Effective Date as defined below**, Defendants shall deliver to Plaintiffs' counsel seven (7) checks in the total amount of Twenty-Five Thousand Dollars and 00/100 Cents ($25,000.00), as set forth below:

           i.      **One (1)** check payable to "Miguel De Aquino" in the amount of Two Thousand Six Hundred Twenty-One Dollars and 17/100 Cents ($2,621.17), for which Plaintiff will receive a Form 1099 from Defendants;

           ii.      **One (1)** check payable to "Henry Emilio Amador" in the amount of Two Thousand Four Hundred Forty-Eight Dollars and 87/100 Cents ($2,448.87), for which Plaintiff will receive a Form 1099 from Defendants;

           iii.      **One (1)** check payable to "Miguel Luna" in the amount of Eight Hundred Thirty-One Dollars and 45/100 Cents ($831.45), for which Plaintiff will receive a Form 1099 from Defendants;

           iv.      **One (1)** check payable to "Mayolo Rodriguez" in the amount of Four Hundred Eighty-Nine Dollars and 08/100 Cents ($489.08), for which Plaintiff will receive a Form 1099 from Defendants;

           v.      **One (1)** check payable to "David Sosa" in the amount of One Thousand Seven Hundred Nine Dollars and 86/100 Cents ($1,709.86), for which Plaintiff will receive a Form 1099 from Defendants;

           vi.      **One (1)** check payable to "Rodrigo Flores" in the amount of Nine Hundred Seventy-One Dollars and 53/100 Cents ($971.53), for which Plaintiff will receive a Form 1099 from Defendants;

           vii.      **One (1)** check payable to "Jose Alfredo Martinez" in the amount of Two Thousand Two Hundred Ninety-Seven Dollars and 57/100 Cents ($2,297.57), for which Plaintiff will receive a Form 1099 from Defendants;

viii.    **One (1)** check payable to "Gustavo Zavala" in the amount of Five Hundred Ninety-Nine Dollars and 23/100 Cents ($599.23), for which Plaintiff will receive a Form 1099 from Defendants;

ix.    **One (1)** check payable to "Felix Pedro Aguilera" in the amount of Four Hundred Fifty-Eight Dollars and 23/100 Cents ($458.23), for which Plaintiff will receive a Form 1099 from Defendants;

x.    **One (1)** check payable to "Mario Salcedo" in the amount of Two Thousand Six Hundred Twenty-Four Dollars and 42/100 Cents ($2,624.42), for which Plaintiff will receive a Form 1099 from Defendants; and

xi.    **One (1)** check payable to "Fitapelli & Schaffer, LLP" in the amount of Nine Thousand Nine Hundred Forty-Eight Dollars and 59/100 Cents ($9,948.59), in connection with Plaintiffs' attorneys' fees, costs, and expenses and will be reported to Plaintiffs' attorneys on a Form 1099.

Plaintiffs agree to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority including interest, penalties or other damages) as a result of any failure by Plaintiffs to pay any taxes that Plaintiffs owe from any 1099 payments made by Defendants.  However, Defendants shall remain exclusively responsible for its portion of payroll taxes that it may be required to pay in connection with this settlement.

2.    **Confession of Judgment.**  Contemporaneous with the Defendants' execution of this Agreement, Defendants shall deliver to Fitapelli & Schaffer, LLP an original Confession of Judgment, executed by Xiaozhuang Ge and Weihong Hu, on behalf of themselves and Crosscity Construction Corp., JFH Construction Corp., Crosscity Hotel LLC, Mayflowers International Hotel Management LLC, US Hongzhuang Hotel Management Inc, Hongzhuang LLC, Mayflower 22nd Century Child Day Care Inc, Mayflower 22nd Century Real Estate Inc, Mayflower Hotel Group Inc, Mayflower Hotel Management Corporation, Mayflower Inn Corporation, Mayflower Inn Express Corporation, Mayflower International Hotel Group Inc, Mayflower International Hotel Reservation Center Inc., in the amount of Eighty-Five Thousand Dollars and 00/100 ($85,000.00), substantially in the form attached hereto as **Exhibit A**.

(a)    Plaintiffs' counsel will hold the Confession of Judgment in escrow and will only file the Confession of Judgment if one of the conditions described in Paragraph 2(b) below is met, and Defendants have not cured any such failure as set forth in Paragraph 2(b) below.  Upon receipt of the total Settlement Amount as set forth in Paragraph 1 above, Plaintiffs' counsel agrees to destroy the Confession of Judgment.

(b)    In the event Defendants: (i) fail to timely make any of the payments set forth in Paragraph 1 above; (ii) file for bankruptcy before the total Settlement Amount is paid and fail to make any of the payment checks; or (iii) if any of the payment checks fail to clear (*i.e.*, bounces) Plaintiffs' counsel shall provide, by electronic mail, a notice to cure to Defendants' counsel, Kevin Kerveng, Esq. at ktung@kktlawfirm.com and lwyang@kktlawfirm.com.

Defendants shall have fifteen (15) days from and including the date on which the notice was e-mailed to cure the default.  If the default is not cured within the fifteen (15) day period, Defendants will immediately become indebted to Plaintiffs and will consent to entry of judgment in favor of Plaintiffs in the United States District Court for the Eastern District of New York, for the amount set forth in the Confession of Judgment along with reasonable attorneys' fees and costs incurred in entering and enforcing the judgment, and statutory interest and costs, but less any payments previously paid by Defendants to Plaintiffs.  In the event Plaintiffs file the Confession of Judgment, Defendants further agree to waive the right to seek or otherwise obtain any stay of execution and/or seek relief under any benefit arising under any exemption laws now or hereafter in effect.

3.     **Release by Plaintiffs.**  In consideration of the payment to Plaintiffs by Defendants of the Settlement Amount, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants, their insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives (hereafter collectively referred to as "Releasees") from any and all wage and hour causes of action alleged in the Complaint arising out of the Fair Labor Standards Act and the New York Labor Law from the beginning of the world to the date of this Agreement.

4.     **Settlement Contingent on Court Approval.**  This Agreement is contingent upon the Court's approval of the settlement terms.  Defendants agree to cooperate with Plaintiffs and Plaintiffs' attorneys in order to obtain approval of the Court.  If the Court refuses to grant final approval, the Parties will re-negotiate the terms of the settlement in good faith in accordance with the Court's comments.  If the Parties are unable to reach a settlement, this Agreement will be voided and shall not be used for any purpose in the litigation, which shall resume as a result.

5.     **Effective Date.**  The Effective Date is defined as the date upon which Magistrate Judge Sanket Bulsara orders the approval of the settlement terms as contained in this Agreement.

6.     **No Admission of Wrongdoing.**  This Agreement, and compliance with this Agreement, shall not be construed as an admission by either party of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7.     **Modification.**  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

8.     **Governing Law and Venue.**  This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree that the sole and exclusive jurisdiction and venue for any litigation arising from or relating to this Agreement shall be in the United States District Court for the Eastern District of New York; and each party hereby irrevocably submits to such jurisdiction and venue and agrees

- 6 -

not to assert any defense of inconvenient forum or otherwise contest such jurisdiction or venue. This Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its term, including the Confession of Judgment as illustrated in **Exhibit A**. All parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

9.     **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. Fax, electronic, or .pdf signatures shall be deemed original copies for the purposes of this Agreement.

10.     **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

11.     **Waiver.** The waiver by one party of any breach of this Agreement by any other party shall not be deemed a wavier of any other prior or subsequent breach of this Agreement. No rights under this Agreement may be waived except in writing and signed by the waiving party.

12.     **Notices.** Any notices to be given hereunder by any party to any others may be effected in writing either by (a) personal delivery, (b) email transmission, or (c) by FedEx or other overnight delivery service. Notices shall be addressed to the parties as follows:

(a)     If to Plaintiffs: Arsenio Rodriguez, Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, NY 10005, arodriguez@fslawfirm.com.

(b)     If to the Defendants: Kevin Kerveng, Kevin Kerveng Tung, P.C., 136-20 38th Ave, Suite 3D, Flushing, NY 11354, ktung@kktlawfirm.com and lwyang@kktlawfirm.com.

13.     **Miscellaneous.** This Agreement shall not be construed in favor or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Agreement. This Agreement constitutes the entire agreement among these parties, and no representations, warranties or inducements have been made to the parties concerning this Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

14.     **Headings.** The paragraph headings in this Agreement are for the convenience of reference only, do not constitute a part of this Agreement, and shall not be deemed to limit or affect any provision thereof.

15.     **Knowing and Voluntary Agreement.** At the time of considering or executing this Agreement, Plaintiffs were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Defendants as set forth in Paragraph 3. Plaintiffs certify that they are not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair their right or ability to waive all claims they may have and that there is no language or other impediments to understanding fully the meaning and

effect of this settlement, the release that they are granting and the waiver of any and all wage and hour claims.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each and those they represent, as of the date(s) set forth below opposite their respective signatures.

*PLAINTIFFS:*

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

MIGUEL DE AQUINO                                    5-9-2018
                                                    Date

Sworn to before me this
9th day of May, 2018

Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

HENRY EMILIO AMADOR                                 5-9-2018
                                                    Date

Sworn to before me this
9th day of May, 2018

Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

MIGUEL LUNA                                         5-9-18
                                                    Date

Sworn to before me this
9th day of May, 2018

Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

MAYOLO RODRIGUEZ                                    5-9-2018
                                                    Date

- 8 -

Sworn to before me this
9th day of May, 2018

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____   5 - 9 - 18
JOSE ALFREDO MARTINEZ MEJIA          Date

Sworn to before me this
9th day of May, 2018

Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____   5 - 9 - 18
GUSTAVO ZAVALA MARTINEZ              Date

Sworn to before me this
9th day of May, 2018

Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____   5 - 9 - 18
DAVID SOSA                          Date

Sworn to before me this
9th day of May, 2018

Notary Public

- 9 -

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____     5-9-18
FELIX PEDRO AGUILERA ESTRADA       Date

Sworn to before me this
4th day of May, 2018

_____
Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____     5-9-18
RODRIGO FLORES                     Date

Sworn to before me this
7th day of May, 2018

_____
Notary Public

ARSENIO RODRIGUEZ
Notary Public, State of New York
Registration #02RO6330076
Qualified In New York County
Commission Expires Sept. 8, 2019

_____     5/9/18
MARIO SALCEDO                      Date

Sworn to before me this
9th day of May, 2018

_____
Notary Public

- 10 -

_DEFENDANTS:_

_____

XIAOZHUANG GE, individually and on
behalf of Crosscity Construction Corp., JFH
Construction Corp., Crosscity Hotel LLC,
Mayflowers International Hotel Management
LLC, US Hongzhuang Hotel Management
Inc, Hongzhuang LLC, Mayflower 22nd
Century Child Day Care Inc, Mayflower
22nd Century Real Estate Inc, Mayflower
Hotel Group Inc, Mayflower Hotel
Management Corporation, Mayflower Inn
Corporation, Mayflower Inn Express
Corporation, Mayflower International Hotel
Group Inc, Mayflower International Hotel
Reservation Center Inc.

Sworn to before me this
_12th_ day of _May_, 2018

_____
Notary Public

CLAIRE SHIH
Notary Public, State of New York
Reg. No. 01SH6371351
Qualified in Queens County
Commission Expires 2/26/2022

- 11 -

X _____

WEIHONG HU, individually and on behalf
of Crosscity Construction Corp., JFH
Construction Corp., Crosscity Hotel LLC,
Mayflowers International Hotel Management
LLC, US Hongzhuang Hotel Management
Inc, Hongzhuang LLC, Mayflower 22nd
Century Child Day Care Inc, Mayflower
22nd Century Real Estate Inc, Mayflower
Hotel Group Inc, Mayflower Hotel
Management Corporation, Mayflower Inn
Corporation, Mayflower Inn Express
Corporation, Mayflower International Hotel
Group Inc, Mayflower International Hotel
Reservation Center Inc.


Sworn to before me this
_17th_ day of _May_ , 2018

_____
Notary Public

CLAIRE SHIH
Notary Public, State of New York
Reg. No. 01SH6371351
Qualified in Queens County
Commission Expires 2/26/2022

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIGUEL DE AQUINO and HENRY EMILIO AMADOR, on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | No. 16 Civ. 2337 (PKC)(RML) |
| **-against-** | |
| **CROSSCITY CONSTRUCTION CORP., JFH CONSTRUCTION CORP., CROSSCITY HOTEL LLC, MAYFLOWERS INTERNATIONAL HOTEL MANAGEMENT LLC, US HONGZHUANG HOTEL MANAGEMENT INC, HONGZHUANG LLC, MAYFLOWER 22ND CENTURY CHILD DAY CARE INC, MAYFLOWER 22ND CENTURY REAL ESTATE INC, MAYFLOWER HOTEL GROUP INC, MAYFLOWER HOTEL MANAGEMENT CORPORATION, MAYFLOWER INN CORPORATION, MAYFLOWER INN EXPRESS CORPORATION, MAYFLOWER INTERNATIONAL HOTEL GROUP INC, MAYFLOWER INTERNATIONAL HOTEL RESERVATION CENTER INC, XIAOZHUANG GE, and WEIHONG HU,** | **AFFIDAVIT OF JUDGMENT BY CONFESSION** |
| **Defendants.** | |

STATE OF NEW YORK      )
                                              ): ss:
COUNTY OF <u>QUEENS</u>      )


XIAOZHUANG GE and WEIHONG HU, being duly sworn, depose and say:

      1.     I, XIAOZHUANG GE, am an owner and/or an officer of Crosscity Construction Corp., JFH Construction Corp., Crosscity Hotel LLC, Mayflowers International Hotel Management LLC, US Hongzhuang Hotel Management Inc, Hongzhuang LLC, Mayflower 22nd Century Child Day Care Inc, Mayflower 22nd Century Real Estate Inc, Mayflower Hotel Group Inc, Mayflower Hotel Management Corporation, Mayflower Inn Corporation, Mayflower Inn Express Corporation, Mayflower International Hotel Group Inc, Mayflower International Hotel Reservation Center Inc. (collectively, the "Corporate Defendants"). I am one of the defendants in the above entitled action. I currently reside in Queens County, State of New York and authorize entry of judgment in the Eastern District of New York. I have authority to sign on behalf of myself,

and on behalf of the Corporate Defendants, and I am duly authorized to make this Affidavit for Confession of Judgment on my own behalf and on behalf of the Corporate Defendants.

2.      I, WEIHONG HU, am an officer and/or an owner of Crosscity Construction Corp., JFH Construction Corp., Crosscity Hotel LLC, Mayflowers International Hotel Management LLC, US Hongzhuang Hotel Management Inc, Hongzhuang LLC, Mayflower 22nd Century Child Day Care Inc, Mayflower 22nd Century Real Estate Inc, Mayflower Hotel Group Inc, Mayflower Hotel Management Corporation, Mayflower Inn Corporation, Mayflower Inn Express Corporation, Mayflower International Hotel Group Inc, Mayflower International Hotel Reservation Center Inc. (collectively, the "Corporate Defendants").  I am one of the defendants in the above entitled action. I currently reside in Queens County, State of New York and authorize entry of judgment in the United States District Court for the Eastern District of New York.  I have authority to sign on behalf of myself, and on behalf of the Corporate Defendants, and I am duly authorized to make this Affidavit for Confession of Judgment on my own behalf and on behalf of the Corporate Defendants.

3.      We, XIAOZHUANG GE and WEIHONG HU, hereby confess judgment and authorize entry of judgment in this Court against ourselves and the Corporate Defendants, jointly and severally, in favor of Plaintiffs, for the sum of Eighty-Five Thousand Dollars and 00/100 Cents ($85,000.00), plus reasonable attorneys' fees and costs incurred in entering and enforcing the judgment, and statutory interest and costs, but less any settlement monies already paid pursuant to the fully executed Settlement Agreement and General Release (the "Agreement") attached hereto as **Exhibit A**.

4.      This Confession of Judgment is for a debt justly due to Plaintiffs arising out of the following facts:  Defendants' failure to pay in accordance with the Agreement.

5.      We, XIAOZHUANG GE and WEIHONG HU, hereby represent our understanding that upon Defendants' breach of the payment provisions of the Agreement, and upon Defendants' failure to cure the breach, Plaintiffs shall have the unqualified right to cause this Affidavit for Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which any of us and/or any of the corporations stated herein, collectively or individually, have any ownership interest.

6.      Plaintiffs agree that this Confession of Judgment shall be held in escrow by their attorneys and shall not be filed in any court unless and until Defendants fail to make payment as set forth in the Agreement.  Upon full payment of the Settlement Amount, Plaintiffs, by and through their attorneys, shall destroy the original of the Confession of Judgment and shall not retain any copies thereof.

7.      This Confession of Judgment is not for the purpose of securing Plaintiffs against a contingent liability.

XIAOZHUANG GE, individually and on
behalf of the Corporate Defendants, as
defined herein

Sworn to before me this
12 th day of  May , 20 18

_____
Notary Public

CLAIRE SHIH
Notary Public, State of New York
Reg. No. 01SH6371351
Qualified in Queens County
Commission Expires 2/26/2022

X _____
WEIHONG HU, individually and on behalf
of the Corporate Defendants, as defined
herein

Sworn to before me this
12 th day of  May , 20 18

_____
Notary Public

CLAIRE SHIH
Notary Public, State of New York
Reg. No. 01SH6371351
Qualified in Queens County
Commission Expires 2/26/2022

- 16 -